IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**STATE OF TENNESSEE v. DONALD RAGLAND**

**Appeal from the Criminal Court for Shelby County**
**No. 06-06182          W. Mark Ward, Judge**

_____

**No. W2017-02001-CCA-R3-CD**

_____

The pro se Appellant, Donald Ragland, appeals the Shelby County Criminal Court's denial of his motion to correct and illegal sentence. The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the Appellant has failed to establish that his sentences are illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Donald Ragland, Appellant, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Tracye Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2008, the Appellant was convicted by a Shelby County jury of premeditated first degree murder and sentenced to life in prison which was affirmed on appeal. State v. Ragland, No. W2008-02065-CCA-R3-CD, 2009 WL 4825182, at *1 (Tenn. Crim. App. Dec. 15, 2009), perm. app. denied (Tenn. May 11, 2010). After appeal, the Appellant filed a post-conviction petition, a petition for writ of habeas corpus, and a motion to correct clerical error. All of the aforementioned petitions for relief were denied by the trial court, and the denials were upheld on appeal. Ragland v. State, No. W2012-00743-

CCA-R3-PC, 2013 WL 967769, at *1 (Tenn. Crim. App. Mar. 8, 2013), perm. app. denied (Tenn. July 12, 2013); Ragland v. State, No. W2013-02778-CCA-R3- PC, 2014 WL 6203884, at *9 (Tenn. Crim. App. Nov. 10, 2014); and State v. Ragland, No. W2017-00464-CCA-R3-CD, 2017 WL 3535018, at *1 (Tenn. Crim. App. Aug. 17, 2017).

The Appellant has now filed a motion to correct an illegal sentence. The Appellant argues that his sentence is illegal "due to want for general jurisdiction" in that the "affidavit of complaint/arrest" is "facially invalid," that the trial court did not have legal subject matter jurisdiction or authority to render a sentence or judgment against the Appellant, and that probable cause for the Appellant's arrest did not appear in the affidavit of complaint/arrest. The trial court denied the motion, and he has now appealed to this Court.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (emphasis added). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The meaning of "illegal sentence" as defined in Rule 36.1 was interpreted to mean that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." State v. Wooden, 478 S.W.3d 585, 594-95 (Tenn. 2015). Our supreme court classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). Id. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. The court held that only fatal errors render sentences illegal. Id.

While the Appellant claims that his sentence is illegal, his motion attacks pre-trial matters related to his arrest. The Appellant raises arguments related to the alleged lack of probable cause stated in the charging instruments surrounding his arrest. These arguments are not related in any manner to his sentence or his sentencing. He is, in effect, attacking the procedural steps leading to his arrest and subsequent conviction. The arguments presented in his motion in no way relate to a proper Rule 36.1 motion. We therefore conclude that the trial court's summary dismissal of the petition was proper. It is well-established in Tennessee that the relief embodied by Rule 36.1 of the Tennessee Rules of Criminal Procedure is limited in scope and may only be invoked where the sentence of the defendant is illegal.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE